IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HELEN LAURA LOPEZ, individually and
on behalf of several unnamed clients,

        Plaintiff,

v.                                                                      CV 14-00678 WJ/SCY

JOAN PARKS SAUNDERS, REGIONAL CHIEF
ADMINISTRATIVE LAW JUDGE, REGION VI OF
THE SOCIAL SECURITY ADMINISTRATION OFFICE
OF ADJUDICATION AND REVIEW (ODAR),
MELANIE BRACE, REGIONAL DIRECTOR,
LEN WITT, TULSA ODAR HEARING OFFICE DIRECTOR,
DAVID ENGEL, TULSA ODAR CHIEF JUDGE, JOHN AND
JANE DOE 1 THROUGH 5, and SOCIAL SECURITY
ADMINISTRATION

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND
PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

THIS MATTER comes before the Court upon Plaintiff's [*sic*] Motion for Preliminary Injunction (**Doc. 8**) filed August 21, 2014, and Plaintiffs' Motion for Temporary and Permanent Restraining Order Restraining Defendants from Proceeding with Tulsa Disability Hearings Scheduled September 29, October 22, and November 5, 2014 and Subsequent Hearings (**Doc. 12**), filed September 16, 2014. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiffs' motions are not well taken and, therefore, are **DENIED**.

The sole named Plaintiff in this action is Helen Laura Lopez, a New Mexico attorney specializing in Social Security claims. Lopez's entire caseload before the Social Security Office

of Disability Adjudication and Review ("ODAR") in Albuquerque, New Mexico, was transferred to the Tulsa, Oklahoma ODAR around November 1, 2013. Lopez subsequently learned that the cases were transferred because she is married to an Administrative Law Judge working at the Albuquerque ODAR. Lopez alleges that the regional office director who administers the Albuquerque and other ODARs ordered this transfer to avoid any appearance of impropriety in the adjudication of her cases.[1]

Lopez and her fellow Plaintiffs bring twelve causes of action relating to the transfer of her cases to the Tulsa ODAR, but the fulcrum issue that Plaintiffs stress in their complaint and subsequent filings is that Lopez and her clients receive fewer favorable dispositions from the Tulsa ODAR than from the Albuquerque ODAR. Plaintiffs now seek both a temporary restraining order and a preliminary injunction preventing Defendants from conducting future administrative hearings of their cases through the Tulsa ODAR.

The Court has serious doubts about the propriety of issuing a temporary restraining order at this time since it does not appear that Defendants are on notice that Plaintiffs' motions have been filed. For a temporary restraining order to be issued without notice to the adverse party, "the movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B). On the last page of her most recent motion, Plaintiff's' attorney certifies that he "filed the foregoing pleading electronically through the CM/ECF system which caused . . . parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing." However, Defendants have not yet entered the case; in fact, as of this date, the docket does not even reflect that Defendants have

---

[1] The record suggests that this decision was made once Defendants learned that Lopez's husband had issued a favorable, on-the-record determination in a case involving one of her clients in 2011. *See* (Doc. 8 Ex. 1). In a sworn affidavit attached to Plaintiffs' motion for preliminary injunction, Lopez's husband attests that he simply electronically signed another administrative law judge's decision in that case without having any knowledge that his wife represented the claimant. *See* (Doc. 8 Ex. 4).

been served, and as such Defendants cannot receive notice of any filings in this action via CM/ECF. Indeed, the Notice of Electronic Filing for the motion indicates that only Plaintiffs' counsel received the Notice and motion. Plaintiffs' false certification of their notice to Defendants alone warrants denial of the issuance of a temporary restraining order under Rule 65(b)(1)(B).

Plaintiffs' motions must also be denied on the merits. Neither a temporary restraining order nor a preliminary injunction may be issued unless the movant shows that (1) she has a substantial likelihood of prevailing on the merits; (2) she will suffer irreparable injury unless the injunction or restraining order is issued; (3) the threatened injury outweighs the harm the injunction or restraining order might cause the adverse party; and (4) the injunction or restraining order, if issued, would not be adverse to the public interest. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001); *McClendon v. City of Albuquerque*, 272 F. Supp. 2d 1250, 1253 (D.N.M. 2003). A plaintiff is not able to show the existence of an irreparable injury if she has an adequate remedy at law to address the alleged harm. *See Tri-State Generation and Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1353 (10th Cir. 1989).

In this case, Plaintiffs possess an adequate remedy of law to address any adverse decisions resulting from administrative hearings held by the Tulsa ODAR—they may appeal those decisions to the appropriate district court. 42 U.S.C. § 405(g). If the appeal is successful and the claimant is subsequently found to be entitled to benefits, such benefits are effective as of the month that the claimant applied for them, or in some cases earlier. *See, e.g.*, 42 U.S.C. § 1382(c)(2); 20 C.F.R. §§ 404.620(a)(1), .621(a)(1). Moreover, as the attorney for a prevailing claimant, Lopez would be entitled to the payment of attorney's fees by the United States under

the Equal Access to Justice Act or other statutory provisions. *See* 28 U.S.C. § 2412(d)(1)(A); 42 U.S.C. § 406(b)(1)(A). Therefore, Plaintiffs have not shown that any harm they might suffer as a result of having their cases handled by the Tulsa ODAR would be irreparable.

Plaintiffs cannot show that they will suffer irreparable injury in the absence of injunctive relief. Accordingly, Plaintiffs' Motion for Preliminary Injunction **(Doc. 8)** and their Motion for Temporary and Preliminary Restraining Order **(Doc. 12)** are **DENIED.**

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE